UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL W. HAY PhD,<br>        Plaintiff,<br><br>                v.<br><br>THE UNIVERSITY OF SOUTHERN CALIFORNIA, et al.,<br>        Defendants. | CV 22-5199 DSF (GJSx)<br><br>Order GRANTING Motion to Dismiss (Dkt. 14) |

    Plaintiff Joel W. Hay is a professor at Defendant The University of Southern California (USC).  Hay has sued USC for, among other claims, civil rights violations regarding USC's initiation of disciplinary action[1] based on certain statements that complainants alleged were made by Plaintiff.  These included racist statements, statements related to COVID-19, and generally insulting or insensitive statements allegedly made to faculty and students.  See Compl. ¶ 29.  USC has moved to dismiss the first six claims in the complaint.  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.

---

[1] From what the Court can glean from the Complaint and the briefs, the proceedings have not been completed.  USC appears to have placed Hay on administrative leave, done an investigation, and forwarded the matter for "sanctions/corrective actions."  See Compl. ¶¶ 30-31.

## I. Legal Standard

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (ellipsis in original; internal quotation marks omitted). But Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94. However, allegations contradicted by matters properly subject to judicial notice or by exhibit need not be accepted as true, Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Id. (alteration in original; citation and internal quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is

2

entitled to relief." Id. at 679 (alteration in original; internal quotation marks and citation omitted).

## II. Analysis

USC argues that Hay's first six claims are predicated on state action and, therefore, cannot be brought against USC because USC is a private university and not a state actor.

Hay does not dispute that the federal claims and the California constitutional claims require a showing of state action, but he contends that USC fell within the definition of a state actor when it investigated and took disciplinary action against him. He argues that USC should be considered a state actor under one or more of the four tests for determining whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test. Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002).

As the name suggests, the public function test applies where a private actor is "endowed by the State with powers or functions governmental in nature." Evans v. Newton, 382 U.S. 296, 299 (1966). The joint action test applies where "the government has so far insinuated itself into a position of interdependence (with a private entity) that it must be recognized as a joint participant in the challenged activity." Brunette v. Humane Soc'y of Ventura Cnty., 294 F.3d 1205, 1213 (9th Cir. 2002).

Hay seems to believe that USC's investigation of his speech on public platforms is a "traditionally exclusive governmental function." Opp. at 8. The only case Hay cites for this facially questionable proposition is Lee v. Katz, 276 F.3d 550, 556-57 (9th Cir. 2002), where a private actor policed speech by third-parties in an actual physical space literally owned by the City of Portland, Oregon. See id. at 552. This is completely different from an employer taking action against an employee for speech made outside of work in a virtual forum owned by a private corporation – in this case, LinkedIn. Hay also argues that both the public function and joint action test apply to his COVID-19

related speech because USC "jointly acted with the state in enforcing and implementing state and federal protocols related to COVID-19," Opp. at 8, and received aid from the Paycheck Protection Program, Comp. ¶ 46.  It almost goes without saying that following laws of general application and taking advantage of generally available governmental funding programs do not raise a private entity to the level of a state actor.  See Heineke v. Santa Clara Univ., 965 F.3d 1009, 1013 (9th Cir. 2020).

Hay's arguments under the state compulsion and governmental nexus tests fair no better.  "State action may be found under the state compulsion test where the state has exercised coercive power or has provided such significant encouragement, either overt or covert, that the [private actor's] choice must in law be deemed to be that of the State."  Johnson v. Knowles, 113 F.3d 1114, 1119 (9th Cir. 1997).  The governmental nexus test applies where such a "close nexus between the State and the challenged action" exists that seemingly private behavior "may be fairly treated as that of the State itself."  Id. at 1120.

Here, Hay essentially repeats his arguments regarding COVID-19 protocols, and the Court again finds that applying COVID protocols and implementing various COVID policies does not raise USC to the level of a state actor when it polices its employee's speech regarding COVID.  Hay additionally argues that USC should be considered a state actor because the investigation and discipline against him was pursuant to Title IX of the Education Amendments of 1972 and implicated Title IX considerations.  USC argues that the investigation and discipline were not taken pursuant to Title IX, but, in any case, discipline of a university employee in accordance with state or federal education civil rights mandates does not make the university in question a state actor.  See Heineke, 965 F.3d at 1014.

Hay argues that his Bane Act claim, California Civil Code § 52.1, nevertheless survives because the Bane Act does not require state action.  This is incorrect, at least with respect to the claims at issue in this motion.  The California Supreme Court has held that a plaintiff cannot sue under the Bane Act when a private party directly violates a

constitutional provision that applies only to state actors. Jones v. Kmart Corp., 17 Cal. 4th 329, 334 (1998) ("Plaintiffs produced no evidence that defendants interfered with Jones's rights against unreasonable search and seizure. When they assert that defendants interfered with those rights by directly violating them, they are mistaken: Only the government or its agents can do so."). The issue in Jones was unlawful search and seizure, but the same principle applies to free speech rights. A private actor cannot directly violate an individual's right to free speech; only the government can.

### III. Conclusion

The motion to dismiss is GRANTED. While it is unlikely that Plaintiff can amend his complaint to overcome the absence of a state actor, in an abundance of caution, the Court grants leave to amend. An amended complaint must be filed and served no later than November 7, 2022. Failure to file by that date will waive the right to do so. The Court does not grant leave to add new defendants or new claims. Leave to add defendants or claims must be sought by a separate, properly noticed motion. If no amended complaint is filed, Defendant's answer will be due November 14, 2022. A redlined version of any amended complaint must be submitted to the Court's generic email box.

IT IS SO ORDERED.

Date: October 17, 2022

Dale S. Fischer
United States District Judge