PUNEET K. SANDHU (State Bar No. 254726)
psandhu@psemploymentlaw.com
VICKY H. LIN (State Bar No. 253767)
vlin@psemploymentlaw.com
PAZZANI & SANDHU LLP
700 North Central Avenue, Suite 460
Glendale, California 91203
Telephone: (213) 362-1860
Facsimile: (213) 362-1861

Attorneys for Defendants
UNIVERSITY OF SOUTHERN CALIFORNIA,
CAROL L. FOLT, and CATHERINE SPEAR

ROBERT E. BARNES (State Bar No. 235919)
robertbarnes@barneslawllp.com
BARNES LAW LLP
700 S Flower St, Ste 1000
Los Angeles, CA 90017-4112
Telephone: 310-510-6211
Facsimile: 310-510-6225

Attorneys for Plaintiff JOEL W. HAY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| JOEL W. HAY PhD, an individual,<br><br>PLAINTIFF,<br><br>v.<br><br>The UNIVERSITY OF SOUTHERN CALIFORNIA, *et al.*,<br><br>DEFENDANT. | Case No. 2:22-cv-5199 DSF (GJSx)<br><br>**JOINT STIPULATION OF DISMISSAL WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)**<br><br>Status Conference:   April 21, 2025 |

Pursuant to Federal Rule of Civil Procedure 41(a), Plaintiff Joel W. Hay and Defendants University of Southern California ("USC"), Carol L. Folt, and Catherine Spear (collectively "Defendants"), by and through undersigned counsel, hereby stipulate that this action and all claims and defenses asserted therein be dismissed with prejudice.

This stipulation is made considering the following:

1. The Court previously stayed this case pending the outcome of Plaintiff's writ petition in the Los Angeles Superior Court, which challenged his dismissal from the faculty of USC. [Dkt. No. 53]. In a joint stipulation to the Court dated December 15, 2023, the Parties agreed that:

> the outcome of the writ petition, bear on Plaintiff's claims in this matter. Specifically, before pursuing a claim for damages, a faculty member allegedly aggrieved by the results of a university disciplinary proceeding must exhaust his or her judicial remedies by filing a petition for writ of mandate and *succeed* in having the decision overturned. In fact, determinations of quasi-judicial proceedings, even those conducted by a private entity, are binding on the parties in subsequent litigation. As the California Supreme Court held in *Westlake Cmty. Hosp. v. Superior Court*, "so long as a [private] quasi-judicial decision is not set aside through appropriate review procedures[,] the decision has the effect of establishing the propriety of the [private entity's] action." 17 Cal.3d 465, 484 (1976); *see also Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1154 (9th Cir. 2018) (confirming same); *Mola Development Corp. v City of Seal Beach*, 57 Cal. App. 4th 405, 407, 410 (1997) (the mere filing of an administrative mandamus action is insufficient to exhaust judicial remedies; the matter must be pursued to final judgment).

[Dkt. No. 52 at 1:8-23.]

2. The trial on Plaintiff's writ petition took place on August 9, 2024, before the Honorable Stephen I. Goorvitch of the Los Angeles Superior Court. On

August 12, 2024, Judge Goorvitch denied Plaintiff's writ petition. [Dkt. No. 57, 57-1.] Judgment in favor of Defendants was entered on September 11, 2024. A true and correct copy of the judgment is attached as Exhibit A.

      3.     Plaintiff filed a notice of appeal of the judgment on the writ petition. On February 3, 2025, the California Court of Appeal dismissed Plaintiff's appeal. A true and correct copy of the California Court of Appeal's order dismissing Plaintiff's appeal is attached as Exhibit B.

      4.     The judgment on the writ petition in favor of Defendants and against Plaintiff is now final. As stated in the Parties' previous joint submissions to the Court, this final judgment in favor of Defendants entirely forecloses Plaintiff's claims asserted in this litigation pending before the Court. Therefore, Plaintiff and Defendants jointly stipulate to the dismissal of this case with prejudice.

DATED: April 17, 2025       PAZZANI & SANDHU LLP

By: /s/ Puneet K. Sandhu
    PUNEET K. SANDHU
    Attorneys for Defendants
    UNIVERSITY OF SOUTHERN
    CALIFORNIA, CAROL L. FOLT, and
    CATHERINE SPEAR

DATED: April 17, 2025       BARNES LAW LLP

By: /s/ Robert E. Barnes
    ROBERT E. BARNES
    Attorneys for Plaintiff
    JOEL W. HAY